UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN RE:

Farrokh Sabeti,

DEBTOR.

_____/

CHAPTER 13
CASE NO. 20-52510-MLO
JUDGE MARIA L. OXHOLM

## TRUSTEE'S OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN

**NOW COMES** the Chapter 13 Standing Trustee, David Wm. Ruskin, and objects to confirmation of the Chapter 13 Plan in the above matter pursuant to L.B.R. 3015-3(a) (E.D.M.) as follows:

1. Debtor has not provided to the Trustee a copy of Debtor's non-filing spouse's 2018 Federal Income Tax Return as required by 11 USC Section 521 and Local Bankruptcy Rule 2003-2. Without that documentation it cannot be determined whether the Plan complies with 11 USC Section 1325.

2. Trustee has not been provided with proof of Social Security documentation for Debtor and non-filing spouse, proof of rental income and recent proof of retirement distributions as required by 11 USC Section 521 and Local Bankruptcy Rule 2003-2. Without those documents, the Plan does not evidence compliance with 11 USC Section 1325(b), 11 USC Section 1325(a)(3) and 11 USC Section 1325(a)(6).

3. Debtor has not submitted a Third Party Payment Order, an Electronic Transfer of Funds Payment Order, or an Order excusing the requirement for the same, as required by Local Bankruptcy Rule 1007-1(c).

4. Section II.C. states that the Debtor's Plan provides for a 100% dividend Plan and the Debtor does not have any obligation to remit tax refunds, however, the Debtor fails to provide for any dividend in Class 9 of the Debtor's Chapter 13 Plan. The Liquidation Analysis of the Debtor's Chapter 13 Plan shows that the Debtor must provide a 100% dividend plus interest Plan in order to comply with 11 U.S.C. Section 1325(a)(4).

5. The amount of the proposed funding in the Plan is not sufficient to pay all claims as proposed in the Plan (the Plan is underfunded). Therefore, the Plan does not provide for the submission of sufficient future earnings or future income for the execution of the Plan as required by 11 USC 1322(a)(1).

6. Based upon the Plan's Liquidation Analysis, the Plan must provide interest at no less than 5% per annum to all unsecured creditors pursuant to *In re Hardy*, 755 F.2d 75(6th Cir. 1985).

7. Based upon the Debtor's testimony at the First Meeting of Creditors, the Debtor receives rental income for the Rudgate property and the Debtor has a written lease with the tenant although the Debtor fails to treat the lease in the Debtor's Chapter 13 Plan. Accordingly, the Debtor's Plan fails to comply with 11 U.S.C. Section 1325.

8. Based upon the Debtor's testimony at the First Meeting of Creditors, the Debtor has listed for sale the real properties located at 17405 Rudgate and 11613 Muskrat Road. The Trustee requests the Debtor provide objective documentation regarding the fair market value of these real properties so that the Trustee can determine if the Debtor's Plan complies with 11 U.S.C. Section 1325. To the extent the Debtor seeks to sell these real properties, any net proceeds should be remitted to the Chapter 13 Trustee for distribution to creditors as required by 11 U.S.C. Section 1325. To the extent the Debtor seeks to employ a broker or realtor or other non-bankruptcy professional, the Debtor has failed to obtain Court approval as required by 11 U.S.C. Section 327 and 11 U.S.C. Section 329.

9. Based upon the Debtor's Schedule A/B, the Debtor values the real property located at 15725 Grey Goose Drive, Gowen, Michigan with a fair market value of $100,000.00. Further, the Debtor values 30 burial plots on the Debtor's Schedule A/B with a fair market value of $30,000.00. The Trustee requests the Debtor provide objective documentation, in addition to the State Equalized Value statement, regarding the valuation of these real properties so the Trustee can determine if the Debtor's Plan complies with 11 U.S.C. Section 1325.

10. The monthly expenses related to the retention of the non-residential real property located at 15725 Grey Goose, Gowen, Michigan are not reasonably necessary for maintenance and support as required by 11 USC Section 1325(b), The Plan proposes to retain real property with monthly payments for the mortgage and unpaid taxes in excess of $765.00, yet Schedule I lists does not disclose any income for this property, resulting in unsecured creditors subsidizing the retention of this property.

11.     Based upon the Debtor's Schedule A/B, the Debtor values the real property located at 2209 Progress, Lincoln Park, Michigan with a fair market value of $72,000.00.  The Trustee requests the Debtor provide objective documentation, in addition to the State Equalized Value statement, regarding the fair market value of this real property so the Trustee can determine if the Debtor's Plan complies with 11 U.S.C. Section 1325.

12.     The Plan does not provide that all projected disposable income be utilized to fund the Plan.  Specifically, Schedule J has overstated the following expense(s) as required by 11 USC Section 1325(a)(3) and/or 11 USC Section 1325(b):

    a.     Real Estate Taxes $550.00.  The Trustee requests the debtor provide objective documentation no less than fourteen (14) days prior to the scheduled confirmation hearing to evidence such actual expenses.

    b.     Property, Homeowner's, or Renter's Insurance $214.00.  The Trustee requests the debtor provide objective documentation no less than fourteen (14) days prior to the scheduled confirmation hearing to evidence such actual expenses.

    c.     Home Maintenance, Repair, and Upkeep Expenses $200.00.  The Trustee requests the debtor provide objective documentation no less than fourteen (14) days prior to the scheduled confirmation hearing to evidence such actual expenses.

    d.     Food and Housekeeping Supplies for two people $775.00.

    e.     Clothing, Laundry, and Dry Cleaning $150.00.

    f.     Transportation $450.00.  The Trustee requests the debtor provide objective documentation no less than fourteen (14) days prior to the scheduled confirmation hearing to evidence such actual expenses.

    g.     Entertainment, Clubs, Recreation, Newspapers, Magazines, and Books $200.00.

    h.     Hair Care, Toiletries, Cleaning Supplies $100.00.

    i.     Pet Expense $100.00.

    j.     Social Security offset $1,000.00.  Trustee requests the Debtor provide objective documentation regarding the breakdown of this expense so

the Trustee can determine whether the Debtor's Plan complies with 11 U.S.C. Section 1325.

13. Based upon the debtor's testimony at the First Meeting of Creditors, the Debtor's spouse totaled the 2016 Mazda CX5 post-petition. To the extent the Debtor is entitled to any net insurance proceeds, said proceeds should be remitted to the Chapter 13 Trustee for distribution to creditors as required by 11 U.S.C. Section 1325.

14. Based upon a review of Official Form 122C1, the Debtor does not disclose rental income received in the six months prior to filing. The Trustee requests the Debtor provide of all sources of income received in the six months prior to filing so the Trustee can determine if the Debtor's Plan complies with 11 U.S.C. Section 1325.

**WHEREFORE,** the Chapter 13 Standing Trustee requests this Honorable Court deny confirmation of the debtor's Chapter 13 Plan unless modified to meet these objections or, in the Court's discretion, dismiss the Chapter 13 Case pursuant to 11 U.S.C. Section 1307(c).

OFFICE OF DAVID WM. RUSKIN, STANDING CHAPTER 13 TRUSTEE

Dated: February 1, 2021

By: __/s/ Lisa K. Mullen__
LISA K. MULLEN (P55478)
THOMAS D. DECARLO (P65330)
Attorneys for Chapter 13 Trustee,
David Wm. Ruskin
1100 Travelers Tower
26555 Evergreen Road
Southfield, MI 48076-4251
Telephone (248) 352-7755

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - DETROIT**

**IN RE:**

| | |
|---|---|
| Farrokh Sabeti, | CHAPTER 13 |
| | CASE NO. 20-52510-MLO |
| DEBTOR. | JUDGE MARIA L. OXHOLM |
| _____/ | |

**CERTIFICATE OF SERVICE OF TRUSTEE'S OBJECTIONS TO**
**<u>CONFIRMATION OF CHAPTER 13 PLAN</u>**

I hereby certify that on February 1, 2021, I electronically filed the Trustee's Objections to Confirmation of Chapter 13 Plan with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

The following parties were served electronically:

> ACCLAIM LEGAL SERVICES PLLC
> 8900 E 13 MILE RD
> WARREN, MI 48093-0000

The following parties were served via First Class Mail at the addresses below by depositing same in a United States Postal Box with the lawful amount of postage affixed thereto:

> Farrokh Sabeti
> 2209 Progress
> Lincoln Park, MI 48146-0000

                                              _____/s/ Vanessa Wild____
                                              Vanessa Wild
                                              For the Office of David Wm. Ruskin
                                              Chapter 13 Standing Trustee - Detroit
                                              1100 Travelers Tower
                                              26555 Evergreen Road
                                              Southfield, MI 48076-4251
                                              (248) 352-7755